E-FILED
Friday, 17 October, 2025  12:47:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| GARY L. MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4097 |
| | ) | |
| GREG DONATHAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se, is requesting leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was detained at Rushville Treatment and Detention Facility ("TDF"). He alleges that he told Defendant Woods that another TDF resident had threatened

him. Plaintiff alleges that Defendant Woods told him that she would not do anything to help him. Plaintiff alleges that the resident attacked him with an iron, resulting in a severe head injury and emergency medical treatment.

Plaintiff states a Fourteenth Amendment failure-to-protect claim against Defendant Woods in her individual capacity. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). Plaintiff does make any allegations against Defendants Donathan, Posey, and Hinthorne. He cannot proceed against these defendants just because they may have been in charge. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Court will dismiss these defendants accordingly.

### Plaintiff's Motion to Request Counsel (Doc. 3)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that he is trying to find an attorney is not enough. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong,

the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motions for Medical Records (Docs. 5, 6)

Plaintiff's motions seek copies of his medical records. Plaintiff's motions are denied as premature. If Plaintiff is unable to obtain these records via discovery, he may file a motion for a subpoena for these records.

### Plaintiff's Motion (Doc. 7)

Plaintiff's motion indicates that he is scheduled for surgery. He states that he may be "where…some of the defendants are" during his recovery, and he asks the Court to "keep [him] safe from retaliation." To the extent that Plaintiff requests injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Absent such a relationship, a court lacks the authority to grant the injunctive relief requested. *Id.*

Plaintiff's requested relief is unrelated to the claim he asserts in this lawsuit, and, therefore, the Court lacks authority to grant it. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion for Leave to Proceed in forma pauperis [2] is GRANTED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment failure-to-protect claim against Defendant Woods in her individual capacity. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The**

plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12.    The clerk is directed to terminate Defendants Donathan, Posey, and Hinthorne as defendants.

13.    The clerk is directed to attempt service on Defendant Woods pursuant to the standard procedures.

14.    Plaintiff's Motion to Request for Counsel [3] is DENIED with leave to renew.

15.    Plaintiff's Motions [5][6][7] are DENIED.

Entered this 17th day of October, 2025.


_____*s/Sara Darrow*_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE